DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York
By: DOMINIKA TARCZYNSKA
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-2748
E-mail: dominika.tarczynska@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br>                     Plaintiff, <br><br>         -v- <br><br> VLADIMIR MRVIC, <br><br>                  Defendant. | 21 Civ. 8792 <br><br> **COMPLAINT** |

Plaintiff the United States of America (the "United States"), by its attorney, Damian Williams, United States Attorney for the Southern District of New York, brings this civil action against Defendant Vladimir Mrvic, to collect his unpaid federal penalty assessments and interest related to his financial interests in foreign bank accounts, and to reduce those assessments and interest to judgment as provided by law. The United States alleges upon information and belief as follows:

### JURISDICTION AND VENUE

1.       The United States brings this suit under 31 U.S.C. § 3711(g)(4)(C) and 31 U.S.C. § 5321(b)(2), at the direction of the Attorney General of the United States and at the request of, and with the authorization of, the Commissioner of the IRS, a delegate of the Secretary of the Treasury of the United States.

2.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1345, and 1355 because it arises under a federal statute and the United States is the plaintiff.

3.      Venue is proper in this District under 28 U.S.C. § 1391(c)(3).

**STATUTORY AND REGULATORY BACKGROUND**

4.      Section 5314 of Title 31 of the U.S. Code authorizes the Secretary of the Treasury to require United States persons to report certain transactions with foreign financial agencies. Under the statute's implementing regulations, "[e]ach person subject to the jurisdiction of the United States . . . having a financial interest in, or signature or other authority over, a bank, securities, or other financial account in a foreign country," is required to report that interest to the IRS for each calendar year in which such relationship exists. 31 C.F.R. § 1010.350(a).

5.      To fulfill this requirement, a U.S. person is required file a Treasury Form TD F 90-22.1, Report of Foreign Bank and Financial Accounts, commonly known as an "FBAR," for the years at issue by June 30 "of each calendar year with respect to foreign financial accounts exceeding $10,000 maintained during the previous calendar year." 31 C.F.R. § 1010.306(c).

6.      Willful violations of a U.S. person's failure to report the existence of a foreign financial account are subject to civil penalties in the amount equal to the greater of 50 percent of the balance of each account at the time of the violation or $100,000 per account.  31 U.S.C. § 5321(a)(5)(C).

7.      Penalties assessed under 31 U.S.C. § 5321(a)(5)(C) are subject to interest and further penalties pursuant to 31 U.S.C. § 3717.

**FACTUAL BACKGROUND**

8.      Mr. Mrvic is a dual citizen of the United States and Serbia.

9.      Mr. Mrvic moved from the United States to Serbia in 2005.  The same year, he opened an account at Bank Julius Baer & Co. Ltd. ("Julius Baer") in Switzerland with an opening balance of approximately $1,221,999.  The account was opened in the name of Beaucastel Management Corp., which was allegedly incorporated in or around 2005 in Panama.  Mr. Mrvic was listed as the beneficial owner of the account, and had power of attorney over the account.  Mr. Mrvic's U.S. and Yugoslav passports were used as identification in connection with the account. The high balance in the Julius Baer account was $11,773,342 in September 2007.

10.     On September 4, 2009, Julius Baer advised Beaucastel Management Corp. that the bank needed an IRS form W-9 on file for the account.  The bank requested that this form, or other proof of United States tax compliance, be provided by the end of September 2009, or the bank would terminate the account relationship.  The letter further advised that the bank would assist in supplying any necessary records needed for a possible self-declaration if necessary in connection with U.S. tax matters.

11.     The W-9 Form explains that the "Foreign Account Tax Compliance Act (FATCA) requires a participating foreign financial institution to report all United States account holders that are specified United States persons."

12.     Rather than providing the requested US tax documentation, Mr. Mrvic provided instructions to transfer the funds in the Julius Baer account to account number XXXXX8798[1] in the name of Beaucastel Management Corp at Banque Privee Edmond de Rothschild S.A. (the "Banque Rothschild account").  The Julius Baer account was closed in September 2009 with an ending balance of approximately $5,478,137.

---

[1] Pursuant to Federal Rule of Civil Procedure 5.2(a)(4), all but the last four digits of financial account numbers herein are redacted.

13.     The Banque Rothschild account was opened in the name of Beaucastel Management Corporation.  Mr. Mrvic knew that the Beaucastel Management Corp. name was a fictitious name for his own interest in the funds and never considered it a separate entity. He managed the investments in the account directly.  He has indicated that the bank knew that he was the beneficial owner of the account and took direction from him regarding investment decisions, withdrawals, and other account activity.  Mr. Mrvic used monies in the Banque Rothschild account to, in part, fund his extravagant lifestyle, including purchasing condos/villas in St. Marten and Hong Kong, while only reporting $20,000 to $60,000 in yearly wages on tax forms 1040 to the IRS between 2005 and 2011.

14.     Mr. Mrvic filed timely tax returns, Form 1040, for tax year 2011 in which he claimed his adjusted gross income was $33,286.  In response to the questions on Schedule B, Part III, regarding Foreign Accounts, Mr. Mrvic answered "Yes" to having a financial interest in or signatory over a financial account located in a foreign country.  He, however, answered "No" in response to the question of whether he was "required to file Form TD F 90-22.1 to report the financial interest or signature authority?".  Form 1040, Schedule B, directs the taxpayer to Form TD F 90-22.1 and its instructions for "filing requirements and exceptions to those requirements." Form TD F 90-22.1, also known as the "FBAR," instructs that the form should be "used to report a financial interest in, signatory authority or other authority over one or more financial accounts in foreign countries . . . No report is required if the aggregate value of the accounts did not exceed $10,000."

15.     Mr. Mrvic was legally required to file an FBAR for the 2011 tax year because the balance of his foreign bank accounts exceeded $10,000 during 2011.  The last day to file an FBAR

for the 2011 tax year was June 30, 2012.  Mr. Mrvic failed to file an FBAR by that date.  The balance in the Banque Rothschild account on June 30, 2012 was $8,244,123.

16.     Mr. Mrvic's failure to file an FBAR for the 2011 tax year was willful within the meaning of 31 U.S.C. § 5321(a)(5).

17.     In November 2013, Mr. Mrvic filed amended income tax returns for the tax year 2011 and the delinquent FBAR for that year.  On the amended return, Mr. Mrvic disclosed approximately $239,542 of additional gross income coming from interest on the Banque Rothschild account that had not previously been reported to the IRS on his original 1040 for 2011. In the amended 2011 return, Mr. Mrvic answered "Yes" to both questions on Schedule B, Part III, regarding foreign accounts, and identified "Switzerland" as the country where the financial account is located.  On the newly filed FBAR for 2011, Mr. Mrvic disclosed the Banque Rothschild account and disclosed the maximum value of the account in 2011 to have been $8,724,855.  He also disclosed two accounts at Hypo Alpe-Adria Bank AD Beograd, which he reported to have had maximum values of $3,113 and $1,188 in 2011.

18.     Mr. Mrvic's amended filing for the 2011 tax year was a "quiet disclosure" meaning that Mr. Mrvic did not take advantage of any of the Voluntary Disclosure Programs offered by the IRS to enable taxpayers to come forward and comply with their tax and reporting obligations.

19.     The IRS initiated an FBAR examination of Mr. Mrvic for calendar year 2011.

20.     On January 25, 2018, Mr. Mrvic's authorized representative signed a Consent to Extend the Time to Assess Civil Penalties Provided by 31 U.S.C. § 5321 for FBAR Violations for the 2011 calendar year until December 31, 2019.  In April 2019, Mr. Mrvic's authorized representative further consented to extend the statute of limitations to June 30, 2020.

21.     On February 2, 2018, the IRS mailed "Letters 3709" to Mr. Mrvic and his authorized representative notifying them of proposed FBAR assessments, and gave them until March 15, 2018, to either request an appeals hearing or to agree to the proposed assessment before it is made.

22.     Mr. Mrvic, through his authorized representative, filed a formal protest dated March 14, 2018 against the FBAR penalties for the 2011 calendar year.  The case was sent to the IRS Office of Appeals, which considered the available information, and sustained the FBAR penalty.  On November 6, 2019, Mr. Mrvic was set a letter explaining that the IRS Appeals Office had sustained the FBAR penalty for 2011.

23.     On October 28, 2019, the IRS assessed FBAR penalties in the amount of $4,122,061 against Mr. Mrvic. On October 30, 2019, the IRS sent a letter to Mr. Mrvic demanding payment of the assessed FBAR penalties.

24.     As of October 27, 2021, Mr. Mrvic has not paid any portion of the FBAR assessment.

25.     Since the date on which the IRS assessed the FBAR penalties, interest and additional penalties have accrued, and continue to accrue, pursuant to 31 U.S.C. § 3717(a)-(e).

### CLAIMS FOR RELIEF

#### Count I
#### Judgment for Civil Penalties, 31 U.S.C. § 5321(a)(5)/Reduce Federal Tax Assessments to Judgment

26.     By this action, the United States seeks to collect the FBAR penalties that the IRS assessed against Mr. Mrvic on October 28, 2019 relating to the 2011 tax year, plus interest and additional penalties that continue to accrue as provided by law.

27. Based on Mr. Mrvic's delinquent FBAR and the reported bank account balance, the IRS assessed Mr. Mrvic with FBAR penalties on October 28, 2019 in the amount of $4,122,061.

28. On October 30, 2019, the IRS sent notice and demand for payment of the assessed penalties by U.S. certified mail to Mr. Mrvic at his address in Belgrade, Serbia. Mr. Mrvic has not paid the assessment amount.

29. Since the date on which the IRS assessed the FBAR penalties, interest and additional penalties have accrued, and continue to accrue pursuant to 31 U.S.C. § 3713(a)-(e), and remain unpaid. As of October 27, 2021, Mr. Mrvic owed penalties and interest totaling $4,697,568.48

30. The United States may bring suit to recover the FBAR penalties assessed under 31 U.S.C. § 5321(a) at any time before the end of the two-year period beginning on the date the FBAR penalties were assessed. 31 U.S.C. § 5321(b)(2)(A). This action is brought within the two-year limitations period.

31. The United States is entitled to a judgment against Mr. Mrvic in the amount of $4,122,061, plus additional accruing interest and penalties as provided by law.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff the United States of America respectfully requests that the Court enter judgment:

(a) awarding the United States the amount of Mr. Mrvic's assessed FBAR Penalty totaling $4,122,061, plus interest and additional penalties as allowed by law from October 28, 2019, to the date of payment; and

(b) granting the United States its costs incurred in connection with this action, along with such further relief as the Court may deem just and proper.

7

Dated:    October 28, 2021
          New York, New York

                              DOMINIKA TARCZYNSKA
                              United States Attorney for the
                              Southern District of New York

                          By:    */s/ Dominika Tarczynska*
                              DOMINIKA TARCZYNSKA
                              Assistant United States Attorney
                              86 Chambers Street, 3rd Floor
                              New York, New York 10007
                              Tel.:  (212) 637-2748
                              E-mail dominika.tarczynska@usdoj.gov